{¶ 26} I do not agree that the domestic relations court abused its discretion when it declined to hold Plaintiff-Appellee Chandler in contempt for failing to comply with the obligations imposed on her by the divorce decree.
 {¶ 27} The decree, which was the product of the parties' negotiated agreement, awarded the Pontiac Vibe vehicle to Chandler and ordered her to refinance the loan obligation on the vehicle to her name alone within ninety days. Failing that, Chandler is required by the decree to immediately list the vehicle for sale and to sell it. However, the decree contains no requirements governing the terms of the sale or offer of sale. It merely provides that Chandler is entitled to retain any excess of the sale price over the loan balance and must pay any deficiency.
 {¶ 28} In earlier proceedings, the domestic relations court construed its decree to require Chandler to offer the vehicle for sale not at the price of the loan pay-off but at its fair market value. The record shows that Chandler has done that, but no sale or offer to purchase has resulted.
 {¶ 29} It is not within Chandler's power to make a ready and willing buyer appear. Stine complains that the domestic relations court should nevertheless have set a deadline for that to happen, However, if that is a matter beyond Chandler's control, a deadline would be useless, and any failure to meet the deadline would likewise not be a basis for a finding of contempt.
 {¶ 30} The majority speculates that Chandler could more likely produce a sale by offering the vehicle to a dealer or at auction, presumably at a substantially lower price, paying any deficiency herself. This view appears to derive from the decree's requirement that Chandler must pay any deficiency if there is one.
 {¶ 31} As a practical matter, offering the vehicle for sale at a distress price seems unrealistic. Because the loan balance remains outstanding, Chandler has only a memorandum of title which "is not assignable, and constitutes no evidence of title or of right to transfer or encumber the motor vehicle described therein." R.C. 4505.12. In order to sell the vehicle at a distress price, whether to a dealer or at auction or otherwise, Chandler must first obtain an assignable title, and lacking financing, she can't do that. A requirement that she do so is a "Catch-22."
 {¶ 32} Chandler's fundamental obligation under the decree is to hold Defendant-Appellant Stine harmless on their joint obligation to GMAC. The domestic relations court found that Chandler made several late installment payments. Stine contends that there has since been more, and that the late payments have negatively affected his credit rating. However, the trial court expressly rejected that particular contention on the evidence presented.
 {¶ 33} "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. In my view, the domestic relations court acted reasonably and not arbitrarily or unconscionably when it declined to impose the kind of additional requirements on Chandler that the majority proposes. They were not part of the decree, which incorporated the parties' agreement. Further, because they would apply to property Chandler was awarded, such additional requirements would operate to modify a property division award which is not subject to modification. R.C. 3105.171(I).
 {¶ 34} Obviously, Stine expected when he made the agreement to be free of the loan obligation on the vehicle within ninety days following the divorce decree or shortly thereafter. His frustration in being denied the benefit of his bargain is the product of a faulty agreement that produced a decree that, by awarding the vehicle to Chandler but leaving the conditions of her duty to sell it open-ended, did not "attempt to disentangle the parties' economic partnership so as to create a conclusion and finality to their marriage." Hoyt v. Hoyt (1990),53 Ohio St.3d 177, paragraph two of the Syllabus by the Court. That failure is chargeable to both parties, and any prejudice Stine has suffered as a result is not, on this record, a basis to find Chandler in contempt. I would affirm.